UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY TOTTEN,<br>Plaintiff,<br>v.<br>UNITED RENTALS (NORTH AMERICA), INC. and SKYJACK, INC.,<br>Defendants. | No. 2:25-cv-00112-TLN-DMC<br>(Consolidated for Discovery with Case No.: 2:25-cv-00800-TLN- DMC)<br>**ORDER** |
| STEVEN ZOOK,<br>Plaintiff,<br>v.<br>UNITED RENTALS (NORTH AMERICA), INC. and SKYJACK, INC.,<br>Defendants. | No.: 2:25-cv-00800-TLN- DMC |

This matter is before the Court on Plaintiff Jeremy Totten's ("Totten") and Steven Zook's ("Zook") (collectively "Plaintiffs") motions for leave to file amended complaints in their respective actions. (2:25-cv-00112-TLN-DMC, ECF No. 31; 2:25-cv-00800-TLN-DMC, ECF No. 26.) Defendant United Rentals (North America), Inc. ("Defendant") filed an opposition to the motions. (2:25-cv-00112-TLN-DMC, ECF No. 35; 2:25-cv-00800-TLN-DMC, ECF No.

28).[1] Plaintiffs filed replies. (2:25-cv-00112-TLN-DMC, ECF No. 39; 2:25-cv-00800-TLN-DMC, ECF No. 31.) For the reasons set forth below, the Court GRANTS Plaintiffs' motions to amend their complaints.[2]

## I. Factual and Procedural Background

The instant action arises from Plaintiffs' serious injuries caused by a malfunction of a scissor lift manufactured by Skyjack and rented to Plaintiffs' employer by Defendant. (*See* ECF No. 13.) Plaintiffs allege that on September 17, 2024, they were working on the scissor lift approximately three stories above the ground when it malfunctioned, tipped over, and threw Plaintiffs about 30 feet to the ground. (*Id.* at 2.) Plaintiffs allege they suffered serious life-altering injuries that required multiple surgeries, and they face long recoveries. (*Id.*; *see also* 2:25-cv-00800-TLN-DMC, ECF No. 1 at 2.)

Totten first filed his action in Siskiyou County Superior Court on November 13, 2024. (ECF No. 1-2.) Defendant removed the action to this Court on January 10, 2025. (ECF No. 1.) On March 11, 2025, Zook filed suit against Defendants, alleging the same scissor lift malfunction, fall, and injury. (No. 2:25-cv-00800-TLN-DMC, ECF No. 1.) Totten filed his operative First Amended Complaint ("FAC") on March 17, 2025, alleging claims for negligence and products liability. (ECF No. 13.) Thereafter, this Court related Plaintiffs' cases under Local Rule 123(a) and consolidated the cases for discovery purposes. (ECF Nos. 18, 20.) On June 3, 2026, the Court amended the pretrial deadlines for both cases, with fact discovery to be completed by October 28, 2026. (ECF No. 43 at 1.) The motion to amend the complaint deadline was not modified. (ECF No. 43; *see* ECF Nos. 2, 20.)

///

---

[1] Defendant Skyjack, Inc. ("Skyjack") is also a named defendant in this action but does oppose the motions to amend. (2:25-cv-00112-TLN-DMC, ECF No. 34; 2:25-cv-00800-TLN-DMC, ECF No. 27.) The Court will refer to all defendants in this action collectively as "Defendants."

[2] This Order shall be filed in each case to address Plaintiffs' respective motions to amend. (2:25-cv-00112-TLN-DMC, ECF No. 31; 2:25-cv-00800-TLN-DMC, ECF No. 26.) Because the parties' briefing is largely duplicative for both motions, the Court cites to the record in Case No. 2:25-cv-00112-TLN-DMC throughout, unless otherwise noted.

## II. Standard of Law

Granting or denying leave to amend a complaint rests in the sound discretion of the trial court. *Swanson v. United States Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). When the Court issues a pretrial scheduling order that establishes a timetable to amend the complaint, Federal Rule of Civil Procedure ("Rule") 16 governs any amendments to the complaint. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). To allow for amendment under Rule 16, a plaintiff must show good cause for not having amended the complaint before the time specified in the pretrial scheduling order. *Id.* The good cause standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recs., Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Even if the good cause standard is met under Rule 16, the Court has the discretion to refuse amendment if it finds reasons to deny leave to amend under Rule 15(a). *Johnson*, 975 F.2d at 610. Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires." The Ninth Circuit has considered five factors in determining whether leave to amend should be given: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (citation omitted). "[T]he consideration of prejudice to the opposing party carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## III. Analysis

Plaintiffs argue the Court should grant their motion where good cause exists because Plaintiffs recently learned facts during discovery justifying the amendments and the changes are minimal. (ECF No. 31-1 at 5–9.) Defendant opposes, asserting: Plaintiffs failed to meet and confer prior to filing the instant motion; the motion is untimely and does not establish good cause; and Defendant is prejudiced by the delay in amendment. (ECF No. 35.) In reply, Plaintiffs argue

Plaintiffs did meet and confer prior to filing the instant motion;[3] Plaintiffs establish good cause; Defendant previously withheld discovery pertinent to the complaint amendment; and Defendant has not been prejudiced. (ECF No. 39.)

Where Rule 16 governs and the Court has discretion to refuse amendment under Rule 15(a), the Court first addresses good cause then prejudice.

A. Good Cause

Regarding whether Plaintiffs have shown good cause under Rule 16, the Court finds Plaintiffs have been reasonably diligent. Plaintiffs assert they learned in discovery the "scissor lift at issue displayed hydraulic fluid leaking near the outrigger that collapsed and caused the lift to fall over; the presence of such hydraulic fluid indicates a manufacturing defect[.]" (ECF No. 31 at 2.) Therefore, Plaintiffs seek to add Defendant to the products liability cause of action. (*Id.*) In support, Plaintiffs argue deposition testimony on January 23, 2026, was significant where it "revealed [] hydraulic fluid was present in the wheel base near the outrigger that appears to have malfunctioned." (ECF No. 31-1 at 5.)

Defendant responds the "hydraulic fluid information" was always in Plaintiffs' control because of two discovery documents. (ECF No. 35 at 7.) In one document, interview notes of Steven Zook state "Failure w/outrigger / or hydraulic." (ECF No. 35-1 at 14.) The parties dispute if Zook authored the notes or an OSHA investigator interviewed Zook and took the notes. In the second document, Jeff Ogden, "witness to accident," states in an accident report "I looked closely at the base of the lift. There was some reddish fluid that had leaked onto the ground." (ECF No. 35 at 7; ECF No. 35-1 at 19.) Therefore, Defendant argues, Plaintiffs were not diligent because the crucial information for the amendment was always in their control. (ECF No. 35 at 7.)

In reply, Plaintiffs argue the first document does not refer "to hydraulic *fluid* leakage and does not identify any hydraulic fluid as being observed near the retracted outrigger." (ECF No.

---

[3] The parties dispute the sufficiency of Plaintiffs' meet and confer correspondence. The Court finds Plaintiffs met and conferred prior to filing their motion, albeit in a threadbare fashion. The Court reaches the merits of the motion. All parties are warned that future failure to meet and confer could lead to the Court striking the motion in its entirety.

39 at 3.) For the second document, Plaintiffs argue Plaintiffs' counsel did not learn of Ogden's report until "mid-February, 2026." (*Id.* at 4.)

The Court finds Plaintiffs were reasonably diligent. First, the interview notes do not clearly indicate hydraulic fluid may have been involved in the accident. Second, Plaintiffs corresponded with Defendant regarding the proposed amendment shortly after learning of Ogden's report. (ECF No. 31-2 at 5.) After a medical leave, Plaintiffs' counsel again reached out to Defendant to obtain a response as to the proposed amendment before filing a motion that same month. (ECF No. 39 at 2.) This is not an instance where Plaintiffs sat on their hands. Rather, they moved in a timely manner to amend the complaint after discovering new information impacting the products liability cause of action with regards to Defendant.

B. <u>Prejudice</u>

Defendant argues it is prejudiced by Plaintiffs' delay where the case has been pending for over a year and the parties have conducted extensive discovery. (ECF No. 35 at 7–9.) Neither argument is persuasive.

Regarding age of the case, the Court finds this argument moot where the parties stipulated to amend the Initial Pretrial Scheduling Order, the Court granted the motion, and the case remains in the discovery period. (ECF Nos. 42, 43). As the parties state, neither action has been set for trial. (ECF No. 42 at 4.) Therefore, case age alone does not prejudice Defendant where the case remains in its early stages.

On the discovery front, Plaintiffs assert no new discovery will be required if the motions to amend are granted. (ECF No. 31.) Discovery overlaps on the two causes of action, negligence and products liability. (*Id.*) As stated above, fact discovery remains ongoing. (ECF No. 43.) Put another way, no discovery deadlines have passed and Defendant fails to meet its burden to show the type of prejudice usually cognizable by courts. *United States v. Somnia, Inc.*, 339 F. Supp. 3d 947, 958 (E.D. Cal. 2018) (the "party opposing leave to amend bears the burden of showing prejudice." (citation omitted)). Defendant simply says it is prejudiced but does not articulate in what ways prejudice exists.

The Court finds any potential prejudice to Defendants is minimal. The Court finds no

other reason to deny Plaintiffs' motions to amend on any of the other factors in conjunction with Rule 15(a)(2). *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d at 738.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motions to amend their complaints. (2:25-cv-00112-TLN-DMC, ECF No. 31; 2:25-cv-00800-TLN-DMC, ECF No. 26.) Plaintiffs shall file their amended complaints not later than seven (7) days from the electronic filing date of this Order. Defendants' responsive pleadings are due not later than twenty-one (21) days after Plaintiffs file their amended complaints.

The Clerk of the Court shall file this Order in Case No. 2:25-cv-00112-TLN-DMC and Case No. 2:25-cv-00800-TLN-DMC.

IT IS SO ORDERED.

DATE: October 27, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE